## L. W. PETRIE et al. *v.* W. M. PINCARD et al.

F. H. P. in 1845 purchased of A. L. & D. H. Y. and S. H. N., with others, a tract of land in the county of H., for which he paid the sum of three thousand dollars in cash, and gave his four notes for the balance of the purchase-money, amounting to the sum of two thousand dollars; and to the notes a condition was annexed, that they were not to be paid until the said F. H. P. should obtain a title to the land by virtue of a sale to be made under a decree of the chancery court in a case then pending in which the said A. L. & D. H. Y. were complainants, and the said S. H. N. and others were defendants. A decree having been rendered in the case, a sale was advertised to be made under it in September, 1846; and L. W. P., who had in the mean time purchased the land of F. H. P., attended on the appointed day of sale for the purpose of purchasing it under the decree, and paying off the four

notes given by F. H. P., two of which were then held by W. M. P., and the others by A. L. Y.; but hearing that one W. B. had recently filed a bill in the chancery court, setting up a deed of trust on the land executed to him by the said D. H. Y., and learning from consultation with counsel that the suit of W. B. would likely be prosecuted with success, he declined having the sale made under the decree; but A. L. Y. instructed the commissioner to proceed with the sale, when W. M. P. became the purchaser of the land for one hundred dollars, which was not one fifteenth part of the value of the land, who alleged as the main reason for his purchase a desire to collect his notes, which he believed F. H. P. could not avoid paying; and W. M. P. now insists on holding a title to the land. The claim of W. B. was decided adversely to him. *Held*, that W. M. P. having purchased the land with a full knowledge of all the facts and circumstances under which it had been sold to L. W. P., he (W. M. P.) cannot be protected in his purchase, and it will be declared void.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The facts are contained in the opinion of the court.

*Potter* for appellant.

*W. C. Smedes* for appellees.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from a decree of the superior court of chancery dismissing the complainants' bill.

F. H. Petrie, in the month of January, 1845, purchased of A. L. Yeizer, Daniel H. Yeizer, Samuel H. Neill, and others, according to the allegations of the bill and the admissions of the answer, a tract of land situate in Hinds county, for which he paid the sum of $3,000 in cash, and gave his four notes for the balance of the purchase-money, amounting in all to the sum of $2,000. To these notes a condition was annexed, that they were not to be paid until the said Petrie should obtain a title to the land by virtue of a sale to be made under a decree of the superior court of chancery in a case depending therein, in which the said A. L. and Daniel H. Yeizer were complainants, and the said Neill and the other vendors were defendants. This decree having been made, a sale was advertised to be

made thereunder on a certain day in September, 1846. L. W. Petrie, who had in the mean time purchased the land from F. H. Petrie, attended on the appointed day of sale, for the purpose, as the bill alleges, of purchasing the land under the decree, and paying off the four notes of F. H. Petrie, two of which were held by William M. Pincard, and the others by A. L. Yeizer; but learning that one William Burnes had recently filed a bill in the superior court of chancery, setting up a deed of trust executed by Daniel H. Yeizer to secure the payment of a debt therein named; and learning from counsel whom the said L. W. Petrie consulted, that said suit, to all appearance, could be successfully prosecuted, he declined having the sale made under the decree. A. L. Yeizer, however, instructed the commissioner to proceed with the sale, when Pincard became the purchaser of the land for the sum of $100, which, as alleged, is not one fifteenth part of the value of the land. Pincard alleges, as the main inducement of his purchase, a desire to collect his notes, which he believed Petrie could not avoid paying for the reason he urged, the pendency of the suit of Burnes to enforce the deed of trust. Pincard, however, insists that he acquired, by virtue of his purchase, a good title to the land, and insists on holding the same.

The bill prays that if Burnes shall be successful in establishing the deed of trust, that Petrie shall be permitted to discharge it, and in this way receive credit *pro tanto* on his notes; that Pincard be required to relinquish his title or claim to the complainant; and for other relief which, in the present attitude of the case, it is unnecessary to notice.

The case of Burnes having been decided, as we are informed by counsel, adversely to Burnes, and not constituting part of the present record, may be passed over. Whether the complainants would have been permitted to pay off the deed of trust with the unpaid purchase-money, it is not now necessary for us to decide.

The only question which requires even a moment's consideration is, whether Pincard shall, under the circumstances surrounding his purchase, hold the land under the commissioner's deed. Upon this question, we think not a doubt can be enter-

Petrie et al. v. Pincard et al.

tained. The complainants may safely abandon all charges of fraud or inadequacy of consideration, and rest their claim to relief solely upon a fair construction of the whole contract between the parties.

It is, in the first place, clear that the object of making a sale at all under the decree in the case of *A. L. Yeizer et al.* v. *Neill et al.*, was to perfect in Petrie a title to the land. The vendors could have but one motive in urging a sale, and that was to relieve the notes given for the unpaid purchase-money from the condition annexed to them, that they were not to be paid till Petrie obtained a title by virtue of a sale under the decree in the above-named case. Taking them as true, the defence set up in the answer, that the vendors were ready and anxious to have the sale made, and that Petrie, without sufficient reason, declined having it made, what does it all amount to? Only that the condition annexed to the notes had been discharged, and that Petrie had no longer any valid reason to offer for refusing payment. The question then comes up for consideration, supposing him to have been entirely in the wrong, could A. L. Yeizer, one of the vendors and a holder of two of the notes, under the terms of the contract, have ordered a sale of the land? The sale, as already stated, was to be made for the purpose only of vesting in Petrie, a perfect title to the land. It was no part of the contract, that if he failed to pay the notes, the land might be sold to raise money for that purpose. Neither can it be plausibly argued, that as a consequence of such failure, the vendors were at liberty to rescind the contract; for they had all conveyed their interest to him by a deed with special warranty, without any condition or reservation whatever. Giving to the defence, then, its full legal effect, it only amounts to this, that the vendors had so far performed the condition precedent attached to the notes, as to enable them to prosecute their actions thereon at law. If they undertook, contrary to Petrie's wishes, to sell the land under the decree, they could only do so for the purpose of carrying on the contract between the parties, to wit, of investing him with the title to the land. If they made the sale for any other purpose, or consummated it so that it could not accomplish this object, they simply vio-

lated the terms of their contract; and a purchaser cognizant of all the facts, as Pincard was, can claim no greater protection from the court than the vendors themselves could claim.

The decree must, therefore, be reversed; a decree rendered in this court that Pincard convey his interest in the land, in sixty days from this date, to the proper representatives of L. W. Petrie, upon the proper representatives of said Petrie paying to Pincard or his attorney, within that time, the principal and interest of the notes which he holds, as described in the record; and that they pay, within the same time, to A. L. Yeizer the amount, principal and interest, of the other notes; and that the defendants pay costs of both courts.